# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN C MARTINEZ CONTRERAS, | CASE NO. 11-cv-2732-WQH-BLM |
| Plaintiff, | ORDER |
| vs. | |
| LAWRENCE REED, Warden of C.C.A.; CALIFORNIA CORRECTIONAL FACILITY; ROBIN BAKER, Field Director for I.C.E. San Diego; JANET NAPOLITANO, Head of Homeland Security, | |
| Defendant. | |

HAYES, Judge:

On November 18, 2011, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). On January 18, 2011, Petitioner paid the $5.00 filing fee. (ECF No. 6).

In his Petition for Writ of Habeas Corpus, Petitioner claims that his First Amendment rights to free speech and expression, Fifth Amendment rights against double jeopardy and Fourteenth Amendment rights to due process are being violated based on his classification as "gang affiliated" by the CCA and his subsequent housing placement at the San Diego Correctional Facility. (ECF No. 1). Petitioner challenges his classification as well as "the procedures that they use here at CCA when housing federal detainees." *Id*. at 3.

A federal court may only grant a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 if a federal petitioner can demonstrate that he "is in custody in violation of the

1 Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A habeas
2 corpus petition is the correct method for a prisoner to challenge "the very fact or duration of
3 his confinement," and where "the relief he seeks is a determination that he is entitled to
4 immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez*, 411
5 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 or *Bivens*
6 *v. Six Unknown Named Agents*, 403 U.S. 388 (1971) is the proper method for a prisoner to
7 challenge the conditions of his confinement. *See McCarthy v. Bronson*, 500 U.S. 136, 141-42
8 (1991) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a
9 constitutional challenge to the conditions of his prison life, but not to the fact or length of his
10 custody.").

11 Upon review of the Petition, the Court concludes that Petitioner is challenging the
12 conditions of his confinement and not the "the fact or length of his custody." *McCarthy*, 500
13 U.S. at 142. Petitioner has not stated a cognizable habeas corpus claim pursuant to § 2241.

14 Accordingly, the Court **DISMISSES** the case without prejudice and with leave to
15 amend. If Petitioner wishes to challenge the fact or duration of his confinement, he must, **no**
16 **later than February 27, 2012,** file a First Amended Habeas Corpus Petition. If Petitioner
17 wishes to challenge the conditions of prison life, he must**:**

18   (1) file a new civil complaint pursuant to 42 U.S.C. § 1983, and
19   (2) either pay the $350 filing fee or file a motion to proceed in forma pauperis.

20 The Clerk of the Court is directed to mail Petitioner a 28 U.S.C. § 2241 First Amended
21 Habeas Corpus Petition form, a 42 U.S.C. § 1983 Civil Complaint form, a Motion to Proceed
22 In Forma Pauperis form, and a copy of this Order.

23   IT IS SO ORDERED.
24 DATED: January 26, 2012

25
26   **WILLIAM Q. HAYES**
     United States District Judge
27
28